Sierra, Demandante y Apelante, *v.* Noble et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre entrega de bienes muebles.

No. 2198.—Resuelto en junio 25, 1921.

Prenda — Entrega de la Cosa Dada en Prenda — Comprador de Cosa Prendada.—Si la cosa dada en prenda por el deudor no quedó depositada realmente en poder del acreedor o de un tercero de común acuerdo como exige el artículo 1764 del Código Civil, la persona que la compró de buena fe del dueño debe ser amparada en su derecho de propiedad. La entrega de la cosa no es una consecuencia sino la esencia misma del contrato.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Martínez Dávila.*

Abogado de los apelados: *Sr. H. G. Molina.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por el demandante Juan Sierra Alvira contra sentencia que dictó la Corte de Distrito de San Juan, Sección Primera, en 28 de agosto de 1919 que declaró sin lugar la demanda contra W. D. Noble y F. F. Harding en reclamación de la entrega de un *carrousel* (machina de caballitos).

Fúndase la demanda en que por escritura pública de 8 de junio de 1918 celebraron un contrato de prenda, el demandante Juan Sierra Alvira y Freeman L. Bernstein para

garantir el segundo al primero, el pago de una deuda mediante dación en prenda de un *carrousel* de su propiedad del que fué nombrado depositario W. D. Noble, uno de los demandados, habiendo prestado éste su consentimiento para que el otro demandado F. F. Harding se posesionara del mismo y lo usufructuara con perjuicio de los derechos del demandante y del dueño Bernstein.

El demandado Noble no contestó la demanda y le fué anotada la rebeldía en abril 26, 1919.

El otro demandado Harding, al contestar la demanda negó los hechos esenciales de la misma y alegó como defensa: Primera: Que allá por el día 25 de julio 1918 compró a Freeman L. Bernstein el *carrousel* de que se trata y tomó posesión del mismo ignorando por completo cualquier operación de prenda o de otra clase entre Bernstein y el demandante y que el demandado W. D. Noble o cualquiera otra persona pretendiera ser depositario de dicho *carrousel;* Segunda: Que según información y creencia, en junio 8, 1918, al otorgarse la escritura de prenda que se cita en la demanda, Freeman L. Bernstein no era dueño de dicho *carrousel,* pues no adquirió la propiedad del mismo hasta allá por el día 20 de junio de 1918.

Celebrado el juicio, la corte para fundamentar su sentencia formuló la opinión que transcribimos a continuación:

"Los hechos como resultan de la prueba son éstos: Freeman L. Bernstein, en escritura pública otorgada ante el notario Francisco Soto Gras en 8 de junio de 1918, confesó deber al ahora demandante Juan Sierra Alvira, (mil quinientos sesenta y siete dollars), y para garantizarle el pago de esta suma le dió en prenda un *carrousel* o 'machina de caballitos' que dijo ser de su propiedad, y que tenía instalado en el barrio de Puerta de Tierra, en San Juan; y en la misma escritura se convino por acreedor y deudor en que el *carrousel* quedara en poder de W. D. Noble como depositario, aceptando dicho Noble el cargo. No ·se ha probado que Noble tomara posesión del *carrousel* y quedara en tal posesión; y por el contrario, la prueba demuestra que dicho Sr. apareció en el sitio en que el *carrousel* se

hallaba, y dejó tal aparato en poder y en posesión de Freeman L.
Bernstein, que siguió usándolo y explotándolo.   Bernstein vendió al
ahora demandado F. F. Harding, el citado *carrousel,* en fecha 25 de
julio de 1918, no hay la más leve prueba de que Harding tuviera
conocimiento de los negocios de Bernstein y Sierra Alvira, ni que
pudiera en forma alguna deducir que estuviera en posesión del *car-
rousel* otra persona que no fuera Bernstein; y la corte cree que la
compra venta del *carrousel* por parte de Harding se hizo de buena
fe.   En cuanto a la prueba de que en 8 de junio de 1918 el *carrousel*
fuera de propiedad de Bernstein, la corte declara que no se ha pre-
sentado justificación alguna de ese extremo; y por el contrario, un
documento presentado por el demandado (Exhibit 2) establece la
presunción de que el *carrousel* fué adquirido por Bernstein en 21 de
junio de 1918.   El demandante ha seguido esta acción para que se
le entregue por los demandados el *carrousel.*   Entre las condiciones
esenciales del contrato de prenda se hallan éstas dos: 1. Que la cosa
dada en prenda pertenezca en propiedad al que la empeña (número
2, artículo 1758 del Código Civil).   2. Que se ponga en posesión de
la prenda al acreedor o a un tercero, de común acuerdo (artículo
1764, Código Civil).   En este caso la corte no encuentra probados
esos dos extremos esenciales; y en esas condiciones no debe dictar
una sentencia en perjuicio del tercero que de buena fe adquirió la
cosa dada en prenda.   Debe declararse sin lugar la demanda; y así
se declara.''

Alega la parte apelante para sostener el recurso que la
Corte de Distrito de San Juan cometió error al declarar que
no se probó que los bienes dados en prenda se pusieran en
poder del depositario W. D. Noble.

Hemos examinado la prueba testifical ministrada por el
demandante sobre el particular, consistente en las declara-
ciones del demandante Juan Sierra Alvira y demandado W.
D. Noble y no encontramos que se cometiera el error apun-
tado.   Es verdad que ambos testigos afirman que el segundo
tomó posesión del *carrousel,* pero la vaguedad de sus decla-
raciones hasta el punto de no poder afirmar ni el uno ni el
otro que la posesión tuviera lugar en el mismo día en que
se otorgó la escritura, admitiendo Noble que habiendo tenido
que ir al campo dejó encargado a Bernstein del *carrousel,* la

circunstancia de haber tomado Harding posesión del *carrousel*, según afirma éste sin intervención alguna de Noble, y otros detalles de las declaraciones de dichos tres testigos, justifican la apreciación que de la prueba testifical hizo la corte sentenciadora en uso de la facultad que le otorga el artículo 21 de la Ley de Evidencia, aprobada en 9 de marzo de 1905. Y al hacer tal apreciación no infringió dicha corte según sostiene el apelante, el artículo 1186 del Código Civil preceptivo de que los documentos públicos hacen prueba aún contra tercero del hecho que motiva su otorgamiento y de la fecha de éste, pues reconoció eficacia legal a la escritura de 8 de junio de 1918, aceptando todos sus extremos y negando únicamente que el *carrousel* fué entregado a W. D. Noble, sobre cuya entrega o posesión nada dice ni tenía que decir el documento expresado.

Alégase también como motivo del recurso que la corte cometió error al declarar que no se probó que los bienes materia del contrato de prenda pertenecían a Freeman L. Bernstein en la fecha del otorgamiento de la escritura y que también erró al estimar que el cable presentado como prueba por el demandado Harding para acreditar dicho extremo establece la presunción de que el *carrousel* fué adquirido por Bernstein en 21 de junio de 1918 y al admitir ese cable como prueba.

Cometiera o no la corte el anterior error, la sentencia siempre se sostendría por el fundamento de no haberse demostrado que el *carrousel* dado en prenda fuera depositado realmente en W. D. Noble.

El artículo 1764 del Código Civil exige como requisito indispensable para constituir el contrato de prenda que se ponga en posesión de ésta al acreedor o a un tercero de común acuerdo. Ese precepto es claro y según tiene resuelto el Tribunal Supremo de España en sentencia de noviembre 4, 1898 ''no se cumple el requisito exigido por el artículo 1863 del Código Civil (1764 del Revisado) cuando la cosa

dada en prenda existe en poder del deudor y no del acreedor o de un tercero ajeno al contrato.''

Lo mismo se sostiene por el Tribunal Supremo de Filipinas en el caso de *McMicking* v. *Martínez et al.*, 15 Phil. Rep. (edición en inglés) 204.

Y las cortes americanas se pronuncian en igual sentido: ''De acuerdo tanto con la Ley Civil como con la Ley Común es necesario para la validez de un contrato de prenda que se dé al interesado la posesión de la prenda o a alguien a su nombre. La entrega de la cosa no es una consecuencia sino la esencia misma del contrato.''  31 Cyc. 799.

Y tiene que ser así pues la posesión por parte del depositario es como el aviso a terceras personas de que el dueño no puede disponer de ella con perjuicio de la persona a cuyo favor se ha constituído en prenda.

Nada ha alegado la parte apelante contra la adquisición que del *carrousel* hizo con buena fe el demandado Harding y estamos conformes con la corte inferior en que realmente hubo por parte del mismo tal buena fe. Bajo esa base, su derecho debe ser respetado y amparado.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.